# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM BILLY GENE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV31 NCC |
| | ) | |
| ADAIR COUNTY, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## **The Complaint**

In March 2008, a jury in the Adair County Circuit Court found Carter to be a "sexually violent predator" ("SVP") under Missouri's Sexually Violent Predator Act (the "Act"), Mo. Rev. Stat. §§ 632.480 - 632.513 (the "Act").[1] *See State v. Carter*, Case No. 02P0202000084.

Under the Act, the Director of the Department of Mental Health or a designee is required to conduct an annual examination of Carter's mental condition. Mo. Rev. Stat. § 632.498. The Act requires that the yearly report be provided to the court that committed Carter, and the court is required to conduct an annual review of Carter's status. *Id.* If the court were to determine by a preponderance of the evidence that Carter "no longer suffers from a mental abnormality that makes [him] likely to engage in sexual acts of violence if released," the court would be required to set a trial on the issue. *Id.* In addition to the annual review conducted by the department of mental health and the court, Carter may petition the court for release over the director's objection. *Id.*

Plaintiff Billy Gene Carter is currently being held at Fulton State Hospital in the Hospital's Sex Offender Rehabilitation and Treatment Services ("SORTS") Program. Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights against Adair County, Missouri.

Plaintiff has attached to his complaint his annual review of his mental condition showing that it was recommended by the psychologist at Fulton State Hospital that he remain in custody

---

[1] Under the Act, a sexually violent predator is "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:

(a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense; or

(b) Has been committed as a criminal sexual psychopath pursuant to section 632.475 and statutes in effect before August 13, 1980.

Mo. Rev. Stat. § 632.480(5).

for treatment at SORTS for another year. Also attached to plaintiff's complaint is a "Notice of Right to Petition Court for Discharge without Approval of the Department of Mental Health." After reviewing this document and plaintiff's assertions in his complaint, it appears that plaintiff is alleging that in the Fall of 2014 he formally petitioned the Adair County Circuit Court for discharge from the Fulton Missouri Mental Health Center, despite his psychologist's recommendations to the contrary. *See* Mo.Rev.Stat. § 632.498. It appears that plaintiff's request for discharge was denied by the Adair County Circuit Court and he is seeking review of the decision by the instant Court. *See State v. Carter*, Case No. 02P0202000084.

## Discussion

Plaintiff's request for review of the Adair County Court's denial of his request for conditional release from the Missouri SORTS program cannot be had on § 1983 review. Plaintiff is essentially seeking release from confinement, which is available only through the writ of habeas corpus. *See* 28 U.S.C. § 2254.

Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

Although most of the cases defining the contours of the exhaustion requirement arise from challenges to state custody following criminal conviction, the Supreme Court's holding that

exhaustion requires only a fair presentation that is satisfied "by invoking one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment, *see Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir.2009). To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release, as plaintiff has done, under § 632.498 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals. *See, e.g., Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).[2]

This Court has reviewed the docket on Missouri Case.Net and it does not appear that plaintiff has appealed the denial of his request for relief to any state court. Moreover, the instant request for review of the denial of his release is improperly before the Court pursuant to 42 U.S.C. § 1983. For these reasons, the instant case will be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[2]*Kolocotronis* goes on to hold that "if unsuccessful [in the Missouri Court of Appeals], [the confined person must] apply for transfer to the Missouri Supreme Court," *id.*, based on *Jones v. Ritterbusch,* 548 F.Supp. 89, 90 (W.D.Mo.1982). In 2001, after both *Kolocotronis* and *Jones* were decided, the Missouri Supreme Court amended Supreme Court Rule 83.04 to provide that "[t]ransfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." *See Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir.2002). Following this amendment, the Eighth Circuit has held that it is not necessary to apply for transfer to the Missouri Supreme Court to exhaust state remedies for purposes of § 2254. *See id*.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 4th day of May, 2015.

                                              HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE