UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM BILLY GENE CARTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15CV31 NCC |
| ADAIR COUNTY, MISSOURI, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's post-dismissal motion "to supplement a pleading setting forth fact/laws connection to original complaint/pleading." To the extent plaintiff seeks to supplement the record in this case, plaintiff's motion will be granted. However, to the extent plaintiff seeks reconsideration of the dismissal of this matter, his request will be denied.

Plaintiff, Billy Gene Carter, filed the instant action on April 30, 2015, pursuant to 42 U.S.C. § 1983. In his complaint against Adair County, Missouri, plaintiff, who has been formally classified as a "sexually violent predator" ("SVP") in the State of Missouri, seeks review of the state court denial of his request for a conditional discharge from the Missouri Sex Offender Rehabilitation and Treatment Services ("SORTS") Program. *See State v. Carter*, Case No. 02P0202000084 (Adair County Circuit Court, 2014).

In its May 4, 2015 Memorandum and Order, the Court noted that plaintiff's requested relief could not be had on § 1983 review, but was only available through the writ of habeas corpus. *See* 28 U.S.C. § 2254.[1] Moreover, plaintiff is required to have exhausted his state

---

[1] Plaintiff asserts he was once denied relief under § 2254 in this Court as to a request for conditional release from his SVP status, and therefore, seems to be under the mistaken belief that he is not entitled to file another § 2254 in this Court. Missouri law allows civilly committed

administrative remedies prior to bringing his claims to this Court. *See, e.g., Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991).

Nothing in the documents submitted by plaintiff show that he has appealed the 2014 Adair County decision denying conditional release to the Missouri Court of Appeals. As such, there is no indication plaintiff exhausted his state administrative remedies with respect to his request for release. As explained in the Court's earlier decision, he must do so prior to bringing the matter in a habeas action in this Court. Thus, to the extent plaintiff is seeking reconsideration of the dismissal of this action, his request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to "supplement a pleading setting forth fact/laws connection to original complaint/pleading" [Doc. #9] is **GRANTED IN PART and DENIED IN PART**. To the extent plaintiff seeks to supplement the record, his request is **GRANTED**. To the extent plaintiff seeks reconsideration of the dismissal of this action, his request is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of the dismissal of this action would not be taken in good faith.

Dated this 12th day of May, 2015.

                                                HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE

---

persons to apply for conditional release on a yearly basis. Mo. Rev. Stat. § 552.040.13. Thus, as long as plaintiff fully exhausts his state remedies each time he applies for conditional release, he may bring an application for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, after doing so.