UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM BILLY GENE CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:15CV31 NCC |
| ADAIR COUNTY, MISSOURI, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's request for reconsideration of the dismissal of this matter. Plaintiff's request for reconsideration of the dismissal, or to alter or amend judgment, will be denied. Also before the Court is plaintiff's motion to proceed in forma pauperis on appeal. This request will be granted.

Plaintiff, Billy Gene Carter, filed the instant action on April 30, 2015, pursuant to 42 U.S.C. § 1983. In his complaint against Adair County, Missouri, plaintiff, who has been formally classified as a "sexually violent predator" ("SVP") in the State of Missouri, seeks review of the state court denial of his request for a conditional discharge from the Missouri Sex Offender Rehabilitation and Treatment Services ("SORTS") Program. *See State v. Carter*, Case No. 02P0202000084 (Adair County Circuit Court, 2014).

In its May 4, 2015 Memorandum and Order, the Court noted that plaintiff's requested relief could not be had on § 1983 review, but was only available through the writ of habeas corpus. *See* 28 U.S.C. § 2254.[1] Moreover, plaintiff is required to have exhausted his state

---

[1] Plaintiff asserts he was once denied relief under § 2254 in this Court as to a request for conditional release from his SVP status, and therefore, seems to be under the mistaken belief that he is not entitled to file another § 2254 in this Court. Missouri law allows civilly committed persons to apply for conditional release on a yearly basis. Mo. Rev. Stat. § 552.040.13. Missouri law also allows those with SVP status to apply for conditional release each year,

administrative remedies prior to bringing his claims to this Court. *See, e.g., Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991).

Petitioner asserts he has no remedy available to him because he believes he cannot appeal the denial of his application for conditional release to the Court of Appeals when he is not given a hearing before the state trial court on the matter. *See* Mo.Rev.Stat. § 632.504.[2]. Of course, petitioner may appeal whether or not his petition was properly reviewed as "frivolous," by the state trial court, as a finding of frivolity is essentially a finding that the conditions of petitioner have "not so changed" enough to justify release. *See, e.g., In re Care and Treatment of Coffman*, 225 S.W.3d 439 (Mo. banc 2007); *see also*, Mo.Rev.Stat. § 632.504. Just as petitioner may seek review on a finding of a grant or denial of conditional release under the Sexually Violent Predator's Act. *See* Mo.Rev.Stat. § 632.495.

As nothing in the documents submitted by plaintiff show that he has appealed the 2014 Adair County decision denying conditional release to the Missouri Court of Appeals, there is no indication plaintiff exhausted his state administrative remedies with respect to his request for release. As explained in the Court's earlier decision, he must do so prior to bringing the matter in a habeas action in this Court. Thus, plaintiff's request for reconsideration of the dismissal of this action, will be denied.

Accordingly,

---

pursuant to the SVP statute. *See* Mo.Rev.Stat. § 632.498. The statute provides for the right to an attorney at a state hearing in the probate court, provided that the petition for release is not "frivolous," as determined under the statute. *Id.; see also*, Mo.Rev.Stat. § 632.504.

[2] "[I]f a person has previously filed a petition for release without the director's approval and the court determined either upon review of the petition or following a hearing that the petitioner's petition was frivolous or that the petitioner's condition had not so changed that the person was safe to be at large, then the court shall deny the subsequent petition unless the petition contains facts upon which a court could find the condition of the petitioner had so changed that a hearing was warranted. Upon receipt of a first or subsequent petition from committed persons without the director's approval, the court shall endeavor whenever possible to review the petition and determine if the petition is based upon frivolous grounds and if so shall deny the petition without a hearing." Mo.Rev.Stat. § 632.504.

**IT IS HEREBY ORDERED** that plaintiff's request for reconsideration of the dismissal of his case or to alter/amend judgment [Doc. #11] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis on appeal [Doc. #13] is **GRANTED**.

**IT IS FURTHER ORDERED** that an appeal of the dismissal of this action would not be taken in good faith.

Dated this 28th day of May, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE